CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 30 2017

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL S. GORBEY,<br>Plaintiff, | ) ) ) | Civil Action No. 7:16-cv-00551 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| FELPS, et al.,<br>Defendants. | ) ) ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Michael S. Gorbey[1], a federal inmate proceeding pro se, commenced this civil action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 389 (1971), by November 18, 2016. Plaintiff did not pay the filing fee upon commencing the action and sought leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I previously determined that Plaintiff had at least three non-habeas civil actions or appeals previously dismissed as frivolous, as malicious, or for failing to state a claim before filing this action.[2] I also had determined that a statement in the complaint implicated the exception to the three-strikes provision for imminent danger of a serious physical injury. Consequently, I referred to a magistrate judge per 28 U.S.C. § 636(b)(1)(B) the question of whether Plaintiff was under imminent danger of serious physical injury at the time of filing the complaint for being forced to endure below freezing temperatures in his cell while wearing only a paper shirt and paper shorts for four days.

---

[1] Plaintiff's other moniker is Michael Owlfeather.
[2] See Owlfeather-Gorbey v. Jackson, et al., No. 2:16-cv-00551, slip op. at 4 (E.D. Va. Sept. 22, 2016) (dismissed for failing to state a claim); Gorbey v. The State of Virginia, et al., No. 2:11-cv-00164, slip op. at 4 (E.D. Va. Mar. 17, 2011) (dismissed for failing to state a claim); Gorbey v. United States, et al., No. 2:08-cv-00121, slip op. at 3-4 (N.D. W. Va. July 7, 2010); see, e.g., Gorbey v. Fed. Bureau of Alcohol, Tobacco, Firearms, & Explosives, et al., No. 5:11-cv-00126, slip op. at 5-10 (N.D. W. Va. Mar. 14, 2012) (M.J., Seibert) (listing 25 cases that qualify as strikes); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015) (holding a "strike" dismissal is counted regardless to the timing of a subsequent appeal); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)).

The magistrate judge has issued a report, recommending denying Plaintiff leave to proceed in forma pauperis. The magistrate judge determined, inter alia, that Plaintiff was not under an imminent danger of serious physical injury at the time he filed the complaint. Plaintiff filed a motion to subpoena and a motion for preliminary injunction, and he has objected to the report and recommendation. I have reviewed the report and recommendation, the transcript of the hearings before the magistrate judge, and Plaintiff's objections. For the following reasons, I overrule the objections, adopt the report and recommendation, deny Plaintiff's motions, and dismiss the complaint without prejudice.

A district judge must review a report and recommendation to which a party objects, and the district judge must provide its independent reasoning when a party raises new evidence or a new argument in an objection. 28 U.S.C. § 636(b)(1)(C); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The reasoning need not be elaborate or lengthy, but it must provide a specific rationale that permits meaningful appellate review. See, e.g., United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). However, de novo review is not required when objections concern legal issues and not factual issues. See, e.g., Orpiano, 687 F.2d at 47. Similarly, de novo review is not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. A district court is also not required to review any issue when no party has objected. See, e.g., Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Plaintiff objects for several reasons, none of which are convincing. Plaintiff's argument that the magistrate judge's "bias" requires her recusal and a new hearing with another magistrate judge is baseless and frivolous. Equally frivolous is Plaintiff's objection, and related motion to subpoena, to require a doctor to testify on Plaintiff's behalf. Plaintiff admitted during the first

2

hearing that he did not have the funds to pay for a valid subpoena, and his offer to file a doctor's affidavit would not be admissible evidence. The court will neither issue nor enforce a "subpoena" unaccompanied by the requisite fees, and the magistrate judge did not prohibit Plaintiff from making his own arrangements to subpoena any doctor. Moreover, Plaintiff refused during the first hearing to ask Dr. Asher, the prison doctor, to testify on his behalf on account of Plaintiff's repeated "malpractice" complaints against that doctor. Also frivolous are Plaintiff's assertions that the two hearings were "absolutely unfair" and "completely one sided" and that 28 U.S.C. § 1915(g) is unconstitutional. See, e.g., Polanco v. Hopkins, 510 F.3d 152, 156 (2d Cir. 2007).

I agree with the magistrate judge's legal and factual decisions for the reasons discussed in the report and recommendation and, notably, as evidenced by the hearing transcripts. See Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985) (noting a district judge must exercise non-delegable authority in performing a de novo review by considering the actual testimony and not merely reviewing the magistrate's report and recommendations). The prison's air handler distributed the same conditioned air of approximately 68 degrees equally among prisoners' and staff's zoned areas during the heating season. Plaintiff alleged there was a silicone plug in a one inch by three inch hole in his cell's window, and he acknowledged that the plug would leak when he "wiggle[d]" it. Even if outside nighttime low temperatures were as low as 30 degrees, that temperature was temporary as it increased to daytime highs of up to 73 degrees. Even if his window leaked air as low as 30 degrees though a small plugged hole during nighttime hours for four consecutive days, Plaintiff fails to establish that the temperature in his cell subjected him to imminent danger of serious physical harm.

3

Accordingly, I deny Plaintiff's motion to subpoena, overrule Plaintiff's objections, adopt the report and recommendation, and deny Plaintiff's motion for leave to proceed in forma pauperis. Consequently, I dismiss the complaint without prejudice due to Plaintiff's failure to pay the filing fee at the time of filing the complaint. See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action when in forma pauperis provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after recognizing plaintiff is ineligible to proceed in forma pauperis). I deny Plaintiff's motion for a preliminary injunction as moot.

**ENTER**: This 30th day of March, 2017.

*/s/ Jackson L. Kiser*
Senior United States District Judge